# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYVAND THOMAS, ) | CV F 05 0139 AWI LJO HC |
| ) | |
| Petitioner, ) | |
| ) | FINDINGS AND RECOMMENDATION |
| v. ) | REGARDING RESPONDENT'S MOTION |
| ) | TO DISMISS |
| ) | |
| SCOTT M. KERNAN, ) | [Doc. #8] |
| ) | |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, following his conviction by guilty plea on March 5, 2001, of one count of attempted second degree robbery in violation of Cal. Penal Code §§ 664/211, one count of assault with a firearm in violation of Cal. Penal Code § 245(a)(2), one count of false imprisonment in violation of Cal. Penal Code § 236, and one count of possession

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition, and Petitioner's opposition to Respondent's motion to dismiss.

of a firearm by a felon in violation of Cal. Penal Code § 12021(a)(1). See Lodged Document No. 1. Allegations that Petitioner had personally used a firearm during the commission of the offense were found to be true. Id. On April 4, 2001, Petitioner was sentenced to serve a determinate term of 26 years in state prison. Id.

Petitioner did not appeal the conviction.

Petitioner next filed a petition for writ of habeas corpus in this Court on May 14, 2002. See Thomas v. Rosario, CV F 02 5559 OWW DLB HC. The Court found the petition to be completely unexhausted in that Petitioner had failed to present his claims to any state court. Pursuant to 28 U.S.C. § 2254(b), the Court dismissed the petition for failure to exhaust on November 15, 2002.

Petitioner then sought relief with the state courts. On February 25, 2003, Petitioner filed a petition for writ of habeas corpus in the Fresno County Superior Court.[2] See Lodged Document No. 2. The petition was denied on March 10, 2003. Id.

On April 22, 2003, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeals, Fifth Appellate District (hereinafter "5th DCA"). See Lodged Document No. 3. The petition was denied on June 6, 2003. See Lodged Document No. 4.

On July 3, 20030, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. See Lodged Document No. 5. The petition was denied on March 17, 2004. See Lodged Document No. 6.

On February 2, 2005, Petitioner filed his second petition for writ of habeas corpus in this Court. The petition raises the following five claims: 1) "The trial court erred in using the same prior conviction to double [Petitioner's] base term under penal code section 667 (e)(1) and to enhance his five years under penal code 667(a)"; 2) "'654' prior serious felony conviction to double defendant/petitioner's base term and then to further increase his minimum sentence by five or ten

---

[2] Although the petition was filed in the Fresno County Superior Court on March 6, 2003, the petition was dated February 25, 2003. In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing* Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Therefore under the mailbox rule, the Court deems the petition filed on February 25, 2003, the date Petitioner presumably handed his petition to prison authorities for mailing.

years violates double jeopardy"; 3) "The trial court committed reversible error to obtain valid waivers of the [Petitioner's] constitutional rights before accepting his admissions of prior felonies"; and 4) "Petitioner has an invalid sentence under the sentencing guide-lines of the 'Three-Strikes Law' and 'felony guide-lines.'"

On June 16, 2005, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1).

On July 1, 2005, Petitioner filed an opposition to Respondent's motion to dismiss.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on February 2, 2005, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final.  In this case, sentence was pronounced on April 4, 2001, and Petitioner did not file an appeal.  Pursuant to Rule 31(a) of the California Rules of Court, Petitioner had sixty (60) days in which to file a notice of appeal.  Rule 31(a), Cal.R.Ct.; <u>People v. Mendez</u>, 81 Cal.Rptr.2d 301, 302, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999).  Because Petitioner did not file a notice of appeal, his direct review concluded on June 3, 2001, when the sixty-day period for filing a notice of appeal expired.  Thus, Petitioner had one year until June 3, 2002, in which to file his federal petition for writ of habeas corpus.  See <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1245 (9th Cir.2001).  However,

1  Petitioner delayed filing the instant petition until February 2, 2005, over two and one-half years
2  beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of
3  limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court recently held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 122 S.Ct. 2134, 2135-36 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000).

As stated above, the statute of limitations began to run on June 3, 2001, and expired on June 3, 2002. Although Petitioner filed three post-conviction collateral challenges with respect to the pertinent judgment or claim in state court, the petitions did not operate to toll the statute of limitations. The first collateral challenge was filed on February 25, 2003, over eight months after the limitations period expired. Because the limitations period had already expired, the collateral challenges had no tolling consequences. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002).

Petitioner also filed a petition for writ of habeas corpus in this Court on May 14, 2002. See Thomas v. Rosario, CV F 02 5559 OWW DLB HC. The Court dismissed the petition on November 15, 2002. Petitioner is not entitled to tolling for the time the federal petition was pending. See Duncan v. Walker, 531 U.S. 991 (2001).Therefore, the petition remains untimely.

D.  Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107

F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997); (Beeler), 128 F.3d at 1288 (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Petitioner bears the burden of alleging facts that would give rise to tolling. Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

In his opposition, Petitioner argues the instant federal petition should be considered timely in light of the fact that he had previously filed a federal petition that was timely but was dismissed for failure to exhaust. He states he should not be faulted because he followed the Court's instructions and returned to state court to exhaust his claims.

As stated above, Petitioner filed a federal petition in this Court on May 14, 2002. The Court found the petition to be completely unexhausted in that Petitioner had failed to present his claims to any state court. Pursuant to 28 U.S.C. § 2254(b), the Court dismissed the petition for failure to exhaust on November 15, 2002. Although the statute of limitations had already expired, the Court advised Petitioner that while it had not computed the time remaining on the limitations period, the limitations period would not be tolled for the time the federal petition was pending. See Duncan v. Walker, 531 U.S. 991 (2001). In no instance did the Court mislead Petitioner into thinking that the limitations period would not expire by the time he returned to federal court.

The Court does not find that Petitioner should be granted equitable tolling. By the time Petitioner filed his first federal petition, 345 of the 365 days in the limitations period had expired. Following the conclusion of his round of collateral review, Petitioner waited another 322 days before returning to federal court. Only Petitioner's lack of diligence can be blamed for these delays. Accordingly, Petitioner is not entitled to equitable tolling and the petition remains untimely.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to

1  comply with 28 U.S.C. § 2244(d)'s one year limitation period.

2      This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United
3  States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule
4  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
5  California.

6      Within thirty (30) days after being served with a copy, any party may file written objections
7  with the court and serve a copy on all parties.  Such a document should be captioned "Objections to
8  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and
9  filed within ten (10) court days (plus three days if served by mail) after service of the objections.
10  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The
11  parties are advised that failure to file objections within the specified time may waive the right to
12  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13  IT IS SO ORDERED.

14  **Dated:   July 22, 2005**               /s/ Lawrence J. O'Neill
    b9ed48                              UNITED STATES MAGISTRATE JUDGE

15
16
17
18
19
20
21
22
23
24
25
26
27
28