UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLAYVAND THOMAS, | ) | 1:05-CV-0139 AWI LJO HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION   [Doc. #15] |
| | ) | |
| v. | ) | ORDER GRANTING MOTION TO DISMISS |
| | ) | AND DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS   [Doc. #8] |
| SCOTT M. KERNAN, | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| Respondent. | ) | TO ENTER JUDGMENT |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On July 22, 2005, the Magistrate Judge issued Findings and Recommendation that recommended Respondent's motion to dismiss be GRANTED and the petition for writ of habeas corpus be DISMISSED with prejudice for violating the statute of limitations set forth in 28 U.S.C. § 2244(d).  The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment.  The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On September 1, 2005, Petitioner filed objections to the Findings and Recommendation.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is

supported by the record and proper analysis.  The arguments raised in the objections do not convince the court the Findings and Recommendations are incorrect.

In his objections, Petitioner contends that he falls within an exception to 28 U.S.C. § 2241(d)(1)'s limitation period because this case presents a fundamental miscarriage of justice.  In Majoy v. Roe, 296 F.3d 770 (9th Cir.2002), the Ninth Circuit remanded an untimely federal petition to the district court for the court to determine if the petitioner met the possible actual innocence gateway for an untimely petition.  Id. at 776-77 & n.3.  Under the actual innocence gateway of Schlup v. Delo, 513 U.S. 298 (1995), a petitioner's procedurally barred claim may be considered on the merits if his claim of actual innocence is sufficient to implicate a fundamental miscarriage of justice.  Majoy, 296 F.3d at 775-76; Carriger v. Stewart, 132 F.3d 463, 477 (9th Cir.1997) (en banc).  The petitioner must present evidence to show that in light of all the evidence, including evidence not introduced at trial, it is more likely than not that no reasonable juror would have convicted him.  Schlup, 513 U.S. at 327; Majoy, 296 F.3d at 776; Sistrunk v. Aremenakis, 292 F.3d 669, 673, 677 (9th Cir.2002).  In Schlup, the Supreme Court cautioned that to be credible, a claim of actual innocence requires the "petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." Schlup, 513 U.S. at 324;  Majoy, 296 F.3d at 776.  In this case, Petitioner does not contend he was innocent.  Rather, Petitioner claims he was not given appropriate advisements when he pled guilty.  The court finds this contention is insufficient to show actual innocence.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued July 22, 2005, is ADOPTED IN FULL;

2.  Respondent's motion to dismiss is GRANTED;

5. The Petition for Writ of Habeas Corpus is DISMISSED WITH PREJUDICE; and

4. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:      September 14, 2005**          **/s/ Anthony W. Ishii**
0m8i78                                    UNITED STATES DISTRICT JUDGE